FILED

UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

2012 JUL 17 P 1:51

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

IZRAIL GRINSHTEYN,
Plaintiff

v.                                    CIVIL ACTION NO. 1:12CV793
                                      AJT/JFA
MICROSOFT CORPORATION
Defendant

SERVE: Corporation Service Company
       Bank of America Center, 16th Floor
       1111 East Main Street
       Richmond, VA 23219
       Registered Agent for Microsoft Corporation

COMPLAINT

Plaintiff, for his Complaint against the Defendant, alleges:

SUMMARY STATEMENT

1. This is an action for damages and other relief due to Defendant's refusal to fairly consider Plaintiff for employment, because he had previously filed an administrative charge of employment discrimination against the Defendant.

JURISDICTION and VENUE

2. This Court has jurisdiction and venue under Title VII of the Civil Rights Act of 1964. 42 U.S.C. §2000e et. seq., see 42 U.S.C. §2000e-5(f)(3), and 28 U.S.C. §1331.

PARTIES

3. Plaintiff, IZRAIL GRINSHTEYN (Grinshteyn) is a citizen of the United States residing in Prince William County, Virginia.

1

4. Defendant, MICROSOFT CORPORATION (Microsoft) is a corporation organized under the laws of Washington State, registered and licensed to do business in the Commonwealth of Virginia, and which regularly transacts business in this Commonwealth.

STATEMENT OF CASE

5. For more than thirty years, Grinshteyn, a mechanical engineer, has been employed as a Construction Project Manager and Facilities Engineer on projects of varying sizes, complexity and duration.

6. From November, 2004, through August, 2008, Grinshteyn was employed by the Defendant as the project manager responsible for the development of a 1.8 million square foot campus in India (India Project).

7. His original employment contract was for two years 2004-2006 and it was extended twice, 2006-2007 and 2007-2008, by the Defendant.

8. Grinshteyn's performance for the Defendant on the India Project was lauded by the Defendant.

9. While in India, Grinshteyn had many offers and opportunities to change employers and stay in India, which he declined because he enjoyed working for the Defendant. Further, he had been told by the Defendant that the Defendant would "take care of him" after the end of the India Project and his return to the United States.

10. Contrary to Defendant's representations, when the India Project was completed, Defendant did not offer Grinshteyn any opportunities. At the time he was 61 years old.

11. In June, 2009 Grinshteyn filed a charge against the Defendant with the EEOC alleging age discrimination due to Defendant's failure to offer him any position.

12. While the charge was still pending with the EEOC, in November 2010 Defendant posted a vacancy for a Real Estate and Facilities Senior Program Manager, Design and Construction position.

13. The primary duty of the position was to act as a consultant and adviser in the project delivery process for a variety of global projects.

14. The announcement stated that the position could be based anywhere in the world, since its duties could be performed remotely rather than on site.

15. Grinshteyn applied for the position expecting to base it in Northern Virginia.

16. Grinshteyn was qualified for the position.

17. Defendant's recruiter selected Grinshteyn for a telephone interview with the hiring manager and told him to prepare to fly to Seattle for a personal meeting.

18. During the telephone interview, Grinshteyn expressed his willingness to relocate anywhere for the position, and the Defendant informed him that no relocation would be necessary because he could work from Northern Virginia.

19. Grinshteyn was not flown to Seattle or selected for the position. He was told in December/January that another person had been selected who had more experience. Grinshteyn was advised that he was "borderline".

20. In June, 2011 Grinshteyn received a right to sue letter from the EEOC on his age discrimination charge and chose not to pursue it.

21. In April, 2011 the Defendant posted a vacancy announcement for the same position for which Grinshteyn had applied and interviewed in November, 2010.

22. Grinshteyn applied again, but his application was ignored, and he was neither interviewed nor selected.

23. On information and belief the person who was selected was not as qualified for the position as Grinshteyn.

24. On information and belief the selecting officials for the position were aware of Grinshteyn's prior EEOC charge against Defendant.

25. On information and belief, at least one of the selecting officials for the position had supervisory responsibilities for Grinshteyn in his prior position with the Defendant, and was aware of Grinshteyn's EEOC charge of age discrimination.

26. On information and belief Grinshteyn was not fairly considered, interviewed, or selected for the position in April, 2011 in retaliation for his prior charge of age discrimination against the Defendant.

27. On September 22, 2011 Grinshteyn filed a charge against the Defendant, alleging retaliation, with the Prince William County Human Rights Commission, which referred the matter to the EEOC. He received a Notice of Right to Sue on April 19, 2012.

28. Defendant's refusal to fairly consider Grinshteyn's job application for a position that he was fully qualified to perform, because he had filed a prior charge alleging age discrimination against the Defendant, constitutes unlawful retaliation, in violation of 42 U.S.C§2000e-3(a).

29. As a direct and proximate result of Defendant's improper conduct as outlined above, Plaintiff has suffered damages including lost income, diminished retirement benefits, diminished Social Security benefits, lost health benefits, emotional distress, and embarrassment.

WHEREFORE your plaintiff respectfully prays that this Court award him judgment against the Defendant to make him whole, in the amount of $350,000 representing back pay and benefits, $2,000,000 for lost front pay and benefits and $150,000 in compensatory damages ; order the Defendant to offer him a position comparable to the Real Estate and Facilities Senior

Program Manager, at issue here; and grant him any other relief it deems meet and proper pursuant to 42 U.S.C.§ 2000e et. seq. including, but not limited to, reasonable attorneys' fees and costs expended to prosecute this suit.

Respectfully submitted,

*IZRAIL GRINSHTEYN by Counsel*
IZRAIL GRINSHTEYN

BY: *[signature]*
Robert D. Weiss
Suite 303
4031 Chain Bridge Road
Fairfax, Virginia 22030-4103
Virginia State Bar ID #16417
(703) 385-8610; Fax (703) 385-8673
rdw.atty@verizon.net
Counsel for Izrail Grinshteyn